WALDHEIM and another, Respondents, vs. MILLER, Appellant.

*October 1 — October 22, 1897.*

*Guaranty, construction of: Statute of frauds: Parol evidence.*

1. Parol evidence is admissible, in an action upon a written guaranty of the "account" of another for a stated sum, to show that the word "account" refers to an indebtedness about to be created and not to one already existing.
2. The word "account" in a guaranty of the account of another, when it refers to an indebtedness about to be created, sufficiently expresses the consideration to satisfy the statute of frauds.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action to recover the purchase price of a quantity of furniture sold and delivered by the plaintiffs to one Bliven on the 8th of August, 1894. The action was tried by the court, a jury having been waived. · The facts were, in effect, undisputed, and were mostly settled by the stipulation of the parties. From the stipulation and from the finding of fact it appears that Bliven negotiated with the plaintiffs for the purchase on credit of furniture to the amount of $221.25, and that the plaintiffs refused to make the sale without taking a chattel mortgage; that thereupon the defendant, *Miller*, being called in, stated to the plaintiffs that, if they would sell and deliver the goods to Bliven and allow deferred payments to be made thereon at the rate of $40 per month, beginning September 8, 1894, he (*Miller*) would personally guarantee the payment of the entire amount; that later upon the same day the defendant, *Miller*, executed and delivered to the plaintiffs the following written agreement:

"Milwaukee, August 8, 1894.

"I hereby guarantee account of Edward Bliven to Waldheim & Co. for $221.25, at $40.00 per month; the payments commencing September 8th, 1894.

"SAM R. MILLER."

On receipt of this written obligation, Waldheim & Co. delivered the furniture to Bliven. Thereafter Bliven paid $71.25 upon the account, leaving balance of $150 unpaid, and absconded from the state, leaving no property on which a judgment could be collected. *Miller* refused to pay the amount due upon demand, whereupon this action was brought. Upon these facts, judgment was rendered for the plaintiffs for $150, with interest and costs. From this judgment the defendant appeals.

For the appellant there was a brief by *Austin, Hamilton & Bading,* attorneys, and *C. H. Hamilton,* of counsel, and oral argument by *C. H. Hamilton.*

For the respondents there was a brief by *Haring & Frost,* and oral argument by *C. I. Haring.*

WINSLOW, J.   The written guaranty sued upon was unquestionably a promise to answer for the debt of another, and, in order to be valid, it must be based upon a consideration, which must be expressed in the writing itself.  R. S. sec. 2307, subd. 2.   If the account of Bliven was an already existing indebtedness, then there was no consideration for *Miller's* promise, and it would be worthless.  If, on the other hand, the promise was first given and the goods were delivered on the faith of that promise, there would be a consideration which would support the promise, if it be expressed in the writing.   It is contended that the writing on its face refers to some past indebtedness, and that it cannot be contradicted or varied by parol; hence, that no valid consideration is expressed.   We think, however, that the "account" named in the guaranty may mean either a past account, or one about to be incurred.   If it may refer to either, then parol evidence of the surrounding circumstances was admissible to show the meaning of the word.  *Walrath v. Thompson,* 4 Hill, 200.   Parol evidence was admitted, and showed beyond dispute that the account named was not an

already existing account, but one about to be contracted, and which was not in fact contracted until after the guaranty was given. This made a valid, present consideration, which is sufficiently expressed in the writing to satisfy the statute. *Eastman v. Bennett,* 6 Wis. 232; 1 Brandt, Suretyship & G. (2d ed.), § 84.

*By the Court.*— Judgment affirmed.