New Home Sewing Machine Co. vs. Simon.

NEW HOME SEWING MACHINE COMPANY, Respondent, vs.
SIMON, Appellant.

*September 11 — September 26, 1899.*

*Guaranty: Conditional delivery by guarantor to proposed debtor: No-
tice to guarantee: Evidence: Release: Special verdict: Change in
question: Instructions to jury.*

1. Where a guaranty of payment for goods to be sold on credit was de-
livered by the guarantor to the proposed debtor with the under-
standing that until it had been signed by another guarantor it was
not to be delivered to the guarantee, and the guarantee, to whom
the instrument was delivered in violation of said understanding,
had knowledge of the facts before extending credit, he cannot
hold the guarantor liable, unless the latter has been guilty of some
act amounting to an estoppel.

2. Evidence of such an understanding between the guarantor and pro-
posed debtor is admissible as against the guarantee although he
was not present at the time, if he afterwards had notice of the
fact before extending credit.

3. Negotiations between the guarantee and the proposed debtor in re-
gard to limiting the liability of the guarantor to a smaller sum
than that stated in the guaranty, which were finally relinquished,
and the original contract adhered to, and notice of its acceptance
thereafter duly given, did not release the guarantor from liability.

New Home Sewing Machine Co. vs. Simon.

4. A change in one of the questions submitted for a special verdict, made after plaintiff's attorney had finished his opening argument to the jury, was not prejudicial to defendant, whose counsel had, thereafter, full opportunity to argue the question to the jury and to prepare suitable requests to instruct.

5. Where a special verdict is to be rendered, the court should not give general instructions on the law of the case, from which the jury can readily tell the effect of their answers, but should give only such instructions on the law as will enable the jury to make intelligent answers to the questions propounded.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. Reversed.

The complaint in this action alleges that one R. L. C. Holbek, being desirous of purchasing and handling sewing machines, applied to the plaintiff for credit. He was informed that it would be necessary for him to furnish security; whereupon the defendant, *Mathias Simon*, executed and delivered to plaintiff an instrument in writing in the form of a letter of credit, wherein he agreed to guaranty the payment of the value and price of such goods as might be sold to Holbek, to an amount not exceeding $2,000. The plaintiff sold machines and supplies to Holbek from time to time, and at the date of commencement of suit he was indebted to plaintiff in the sum of $1,989.61. The defendant answered that the instrument mentioned, according to agreement between the parties, was to have been signed by another surety before it was to take effect; that defendant was never notified that plaintiff accepted the instrument; and that subsequently, by agreement between plaintiff and Holbek, the contract was modified, and the paper was delivered as a guaranty for $1,000 and no more.

Upon the trial the following special verdict was rendered: "1. Did the plaintiff notify the defendant on the 9th of September, 1895, that it accepted the letter of guaranty signed by said defendant? A. Yes. 2. In case you answer the preceding question in the affirmative, then were sales

made by the plaintiff company from the 9th of September, 1895, to June 23, 1897, to R. L. C. Holbek, upon the faith and strength of the letter of guaranty? *A.* Yes. 3. At the conference between Emil Simon and the defendant, on the 9th day of September, 1895, did the defendant give Emil Simon any notice that he would not be bound by the letter of guaranty, for the reason that it had not been signed by another surety? *A.* No. 4. Did the plaintiff company, at the close of the conversation on the 9th day of September, 1895, between Emil Simon and the defendant, have knowledge of sufficient facts in respect to this letter of guaranty, as to the manner in which this letter of guaranty was signed, to put a reasonably prudent man on inquiry as to whether there was to be another signer before the defendant was to be bound? *A.* No. 5. Did the plaintiff, within a reasonable time after the ceasing to give credit to R. L. C. Holbek, give notice to the defendant that said Holbek was in default, and that it would look to the defendant as guarantor? *Answer by the court.* Yes. 6. What balance was due the plaintiff from R. L. C. Holbek for sewing machines and sewing-machine supplies furnished by the plaintiff to said R. L. C. Holbek between the 9th of September, 1895, and the commencement of this action? *A.* $1,400. 7. In case the plaintiff is entitled to recover, at what sum do you assess its damages? *A.* $1,400, without interest."

The plaintiff moved to set aside the answers to questions 6 and 7, as being contrary to the undisputed evidence, and for judgment for $2,000, which motion was granted. The defendant moved to set aside the verdict, and for a new trial, for certain specified errors, which motion was denied. The defendant brings the case to this court for review.

For the appellant there were briefs by *Winter, Esch & Winter,* and oral argument by *Frank Winter.*

For the respondent there was a brief by *Fruit & Gordon,* and oral argument by *G. H. Gordon.*

New Home Sewing Machine Co. vs. Simon.

BARDEEN, J.   One of the main issues raised by the defendant's evidence was whether the instrument sued upon ever had legal inception.   The defendant claimed that the paper in question was delivered to Holbek upon the express understanding that it was not to be delivered to plaintiff until Holbek had secured another signer thereto, and that he notified plaintiff's agent of that fact before any credit was extended to Holbek.   On the trial the defendant attempted to show the understanding between himself and Holbek in regard to securing another signer to the paper, which testimony was excluded by the court, on the ground that "any talk or conversation between himself and Holbek would not be competent, in the absence of representatives of the plaintiff."   The court, however, permitted defendant to testify that when plaintiff's agent called at his store, on September 9, 1895, before any credit had been extended to Holbek, he told him that he signed the paper with the distinct understanding that there was to be another bondsman when delivered.   Thus, under the ruling of the court, the defendant was allowed to prove but one half of his defense.   It was certainly no defense to the action that defendant told plaintiff's agent that the paper was conditionally delivered, unless such was the fact.   His complete defense rested upon the fact that there was an understanding between himself and Holbek that the instrument should not be delivered until another signer thereto was obtained, and that plaintiff had notice of such understanding before it extended credit thereon.   The fact that plaintiff's representative was not present at the talk between defendant and Holbek is of no importance, if knowledge of the understanding was brought home to plaintiff before it accepted the instrument and extended credit relying thereon.

The rule prevails in this state that a surety who signs a bond and delivers it to his principal cannot avoid liability on the ground that it was the understanding that it was not

to be delivered until some other person executed the same, when it appears that the person for whose benefit the contract was made had no notice of such condition, and nothing to put him upon inquiry as to the manner of its execution. *Belden v. Hurlbut,* 94 Wis. 562. If, however, the party for whose benefit the bond is given has notice of such conditional delivery, or of such facts as would put a prudent man upon inquiry, he cannot enforce liability thereon. It was therefore very much to the defendant's interest to show that the instrument in suit was conditionally delivered to Holbek, and it made no difference that no representative of the plaintiff was present if notice of the fact was duly given.

In line with this view of the case, the defendant requested the court to submit certain questions and give certain instructions to the jury, from which they might determine the defendant's liability, all of which were refused. The questions touching this branch of the case are Nos. 3 and 4, set out in the statement of facts, and which fall far short of covering the vital issue. The jury might well have concluded that, inasmuch as there was no proof of a conditional delivery to Holbek, there was nothing in the conversation of September 9th to put plaintiff's agent on inquiry.

It appears that after Holbek had transmitted the guaranty to plaintiff, and before it was accepted, there was an agreement between them that defendant's liability thereon should be limited to $1,000. This fact is urged as releasing defendant from all liability. To make a contract of this kind binding, there must have been (1) a making and delivery by the obligor, (2) a receiving and accepting by the obligee, and (3) a notification of such acceptance given by the obligee to the obligor. The evidence fairly shows that acceptance and notification was not given until September 9th, and the negotiations regarding limiting liability were had before that time. The contract not having ripened until after acceptance and notice, we do not very well see how

New Home Sewing Machine Co. vs. Simon.

the defendant can escape liability, when it is shown, without dispute, that the former negotiations were relinquished, and the original contract adhered to, and notice of its acceptance duly given. The motion to direct a verdict upon this ground was properly denied.

The defendant complains that question No. 3 of the special verdict does not cover any issue in the case. If we understand the evidence, there was no claim that defendant notified plaintiff's agent he would not be bound by the letter of guaranty because it had not been signed by another surety. The claim was that there had been a conditional delivery to Holbek, and that plaintiff's agent was notified of that fact. If such delivery was conditional, and notice of that fact given plaintiff before it extended credit to Holbek, the plaintiff had no right to sell goods relying upon such guaranty, unless there was something in the talk or conduct of defendant, on September 9th, which would have warranted the agent in believing that he did not intend to insist upon the invalidity of the instrument. The fact that the agent then notified defendant that plaintiff would extend credit to Holbek did not call for any protestation from him that he would not be bound by the letter of guaranty. When knowledge came to plaintiff, if it did so come, that the letter of guaranty had been wrongfully delivered, it had no right to ignore the fact. It proceeded thereunder at its peril, and, unless defendant is guilty of some act that would amount to an estoppel, is without remedy.

After plaintiff's attorney had finished his opening argument to the jury, the court made a change in one of the questions in the special verdict. This is urged as error. We are unable to perceive how the defendant was harmed thereby. His counsel had full opportunity to argue the question to the jury, and ample opportunity to prepare suitable requests to instruct. If any one was injured it was the plaintiff, and it is not complaining.

In charging the jury the court prefaced its instructions as to the special verdict by giving general instructions on the law of the case, and from which the jury could readily tell the effect of their answers. This practice has been frequently condemned. *Kohler v. West Side R. Co.* 99 Wis. 33, and cases cited; *Ward v. C., M. & St. P. R. Co.* 102 Wis. 215. The object of the special verdict is to ascertain the truth as to certain prominent facts in the case. They being established, the court applies the law and gives judgment accordingly. General instructions as to the law are likely to lead the jury into confusion, and to induce a verdict one way or the other to meet the sympathies or in obedience to the prejudices of individual jurors. Only such instructions on the law should be given as to enable the jury to make intelligent answers to the questions propounded. That being done, the full duty of the court has been performed.

Other errors have been urged, but are not considered of sufficient importance to require special mention.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.