A. B. Kuhlman Company, Respondent, vs. Cave, Appellant.

*March 12—March 31, 1908.*

*Guaranty: Acceptance: Notice.*

In an action upon the following written guaranty: "I request that should C., ag't, . . . order goods from you at any time after date of this letter of credit until further notice, that you ship the same to order of said agent, and I hereby guarantee payment for the same within twenty days after the arrival of goods at destination," *held*, that the letter constituted an offer merely, which did not become a contract until accepted and notice of acceptance given to the guarantor.

Appeal from a judgment of the circuit court for St. Croix county: E. W. Helms, Circuit Judge. *Reversed.*

For the appellant the cause was submitted on the brief of *E. B. Kinney* and *W. F. McNally.* .

*A. J. Kinney,* for the respondent.

Winslow, C. J. This is an action upon a written guaranty. There is no bill of exceptions. The case was tried by the court and findings made to the effect: That on June 6, 1906, the plaintiff company made a written contract with one Leon H. Cave, by which said Cave agreed to canvass certain territory for the sale of certain publications to be ordered by him from the plaintiff company and paid for by him within thirty days from the date of shipment, and that on July 7, 1906, the defendant executed and delivered to the plaintiff a written instrument or letter, of which the material part was as follows:

"I request that should Mr. Leon H. Cave, ag't, . . . order goods from you at any time after date of this letter of credit until further notice, that you ship same to order of said agent, and I hereby guarantee payment for the same within twenty days after the arrival of the goods at destination."

That said Leon H. Cave subsequently and about the last of July, 1906, ordered and received from plaintiff goods to the amount of $163.98, which have never been paid for or returned, except that the sum of $5 was paid, whereby the defendant became liable to the plaintiff in the sum of $158.98. Judgment was rendered for this sum and the defendant appeals.

It is plain that this judgment was erroneous. The writing sued on was simply a letter of credit and constituted an offer merely on the part of the defendant, which would not become a contract until accepted and notice of acceptance given to the guarantor. This has been so recently held by this court that no extended discussion of the principle is either desirable or necessary. *Miami Co. Nat. Bank v. Goldberg,* 133 Wis. 175, 113 N. W. 391. See, also, *New Home S. M. Co. v. Simon,* 104 Wis. 120, 80 N. W. 71. No acceptance or notice of acceptance was found by the court; hence no completed contract of guaranty was made and no liability incurred.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment for the defendant.