BREMER, Respondent, vs. RUFENER and another, Appellants.

*January 16—February 10, 1925.*

*Principal and surety: Continuing bonds: How terminated by surety: Form of notice required.*

1. A bond conditioned on the payment by the proprietor of a cheese factory for milk delivered by its patrons is construed to obligate the sureties to pay the agreed price for the milk if the principal did not; and there being no limitation as to the duration of the liability, it is a continuing bond, upon which the sureties might terminate future liability by giving definite notice that they would not be bound after a given future date, which must be reasonable in point of time under all the circumstances. p. 197.
2. A finding that the sureties gave no notice not to be bound in the future, when sustained by the evidence, cannot be disturbed. p. 198.
3. Letters from the attorney of the sureties, requesting plaintiff, who held the bond, to take up the matter of releasing the sureties, and saying that unless that was done by March 1st the sureties would take the necessary steps to obtain their release, are *held* not the definite and unequivocal notice requisite to terminate future liability. p. 198.

APPEAL from a judgment of the county court of Dodge county: EMIL H. NABER, Judge. *Affirmed.*

On and prior to February 13, 1919, one Fred Pfarrer was the proprietor of and operated a cheese factory in the village of Hustisford, in Dodge county. On the 13th day of February, 1919, for the security of the patrons of said cheese factory, the said Pfarrer, with the defendants *Rufener* and *Bauman* as sureties, executed to the patrons of said cheese factory a bond conditioned that "if the said, Fred Pfarrer shall within ten days after the expiration of each successive month pay to all patrons of said factory for all the milk delivered during the month preceding the last month, then this obligation shall be void, otherwise to remain in full force and effect." This bond was delivered to the plaintiff, *Emil O. Bremer,* who held it as custodian.

Some time during the summer of 1921 the defendants became anxious concerning their liability on said bond and desired to secure their release therefrom. They called at the home of the plaintiff and the question of their liability upon the bond was discussed. The plaintiff and the defendants do not agree as to the exact nature of that conversation. It does appear, however, that they expressed a desire to the plaintiff to be released from their liability under such bond from and after March 1, 1922, but it appears that no definite arrangement was then made to that end.

On February 16, 1922, the attorney for the defendants wrote the plaintiff a letter, as follows:

"At the request of *John Rufener* and *Fritz Bauman,* I wish to advise you that these parties wish to be released from the bond which the patrons of the cheese factory hold, signed by Fred Pfarrer, *Mr. Rufener,* and *Mr. Bauman.* I will ask you to take this matter up at once with Mr. Pfarrer and with the directors of your factory and see that some arrangements are made before the 1st of March, 1922."

This letter met with no response, and on March 16, 1922, the attorney wrote another letter to the plaintiff, as follows:

"Under date of February 16, 1922, I wrote you stating that *John Rufener* and *Fritz Bauman* desired to be released from the bond which they had signed as sureties with Mr. Pfarrer to the patrons of your factory, and requested that the necessary arrangements be made for their release on or before March 1st. Up to this time I have not heard from you, and wish that you would write me at once and advise me what action has been taken by your company in connection with this matter. Unless the proper arrangements are made to release these parties we shall take the necessary steps to obtain their release, and I shall expect to hear from you soon."

Pfarrer was adjudged a bankrupt on November 22, 1922, owing large sums of money to the patrons of said factory. Numerous patrons assigned their claims to the plaintiff, and this action is brought to recover upon the bond above men-

tioned. The case was tried before the court, and judgment was rendered in favor of the plaintiff. From that judgment the defendants *Rufener* and *Bauman* bring this appeal.

For the appellants there was a brief by *J. H. Schnorenberg* of Hartford, attorney, and *Albert K. Stebbins* of Milwaukee, of counsel, and oral argument by *Mr. Schnorenberg.*

For the respondent there was a brief by *Lueck, Clark & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck.*

OWEN, J. It will be noticed that the bond upon which this suit was predicated was executed on the 13th day of February, 1919. By its terms the defendants became liable to the patrons of Fred Pfarrer who delivered milk at his cheese factory. There is no time expressed during which such liability is to continue. Appellants contend that the term of the bond was for but one year. This contention is founded on the premise that the contracts between Pfarrer and his patrons were oral, and that under the statute of frauds they were void unless to be performed within a year. The bond does not assume any such contracts between Pfarrer and his patrons. It assumed that Pfarrer would buy the milk offered by his patrons from time to time and does not contemplate any contracts between Pfarrer and his patrons for the delivery of milk during any particular period of time. The bond contemplates a series of transactions between Pfarrer and all those who may bring milk to his factory, and obligates the defendants to pay the agreed price thereof if Pfarrer does not. It is a continuous contract, and the bond itself contains no limitation upon the period of defendants' liability. Under such circumstances the sureties may terminate their future liability by giving definite notice that they will not be bound by such obligation after a given future date, which must be reasonable in point of time under all the circumstances. *Emery v. Baltz,* 94 N. Y. 408; *Jeudevine v. Rose,* 36 Mich. 54; *Ricketson v. Lizotte,* 90 Vt. 386, 98 Atl.

801; *North British M. Ins. Co. v. Kean,* 16 Ontario Rep. 117.

The appellants contend that a notice sufficient to terminate their liability under the ·bond was given. Whether such notice was given was a question of fact litigated upon the trial and found against the appellants. Their testimony is by no means clear that they definitely notified the plaintiff that they would not be liable on this bond after the 1st day of March, 1922, while the plaintiff specifically denies that they expressed any such attitude. The trial court found that they did not give such notice, and we cannot disturb this finding.

Appellants rely upon the letters written by the attorney to Pfarrer, set forth ·in the statement of facts. These letters do not definitely state that they will not be bound on this bond after the 1st day of March, and the fair inference therefrom is that appellants themselves did not at that time construe their prior conversations or negotiations with the plaintiff as amounting to such definite notice. The letter of February 16th simply calls upon the plaintiff "to take this matter up at once with Mr. Pfarrer and with the directors of your factory and see that some arrangements are made before the 1st of March, 1922," while the second letter concludes: "Unless the proper arrangements are made to release these parties we shall take the necessary steps to obtain their release, and I shall expect to hear from you soon." The effect of these letters is to make release of the appellants from future liability on the bond dependent upon the action of the obligees. They simply call upon the patrons of the factory to take proper action to release them from future liability. This does not amount to the definite and unequivocal notice requisite to terminate their future liability.

This conclusion makes it unnecessary for us to consider whether the contract upon which this action is predicated is one of suretyship or guaranty, or whether there is any differ-

ence between the right of a surety and a guarantor to thus terminate future liability, questions argued in the brief of respondent, as in no case can that liability be terminated by a notice falling short of the requirements above indicated.

*By the Court.*—Judgment affirmed.