Fond du Lac Skyport, Inc., Respondent, v. Moraine Airways, Inc., Defendant: D'Amato, Appellant.

*No. 355. Submitted under sec. (Rule) 251.54 February 5, 1975.—*
*Decided March 4, 1975.*
(Also reported in 226 N. W. 2d 428.)

For the appellants the cause was submitted on the briefs of *D'Amato & Cusack* of Waukesha; and for the respondent the cause was submitted on the brief of *Colwin & Ondrasek, S. C.* of Fond du Lac.

CONNOR T. HANSEN, J. Plaintiff operates the Fond du Lac county airport facilities. Sometime prior to October 19, 1972, Moraine was operating a commercial airline service into the airport. Arrangements were made between Moraine and the plaintiff for the plaintiff to service its planes, including the furnishing of gasoline, fuel, and other services.

Because of the nature of Moraine's operation, the plaintiff requested, as additional consideration for the granting of credit, that one of the officers and directors of Moraine, the defendant, guarantee payment of the credit account.

On October 19, 1972, the defendant sent the following letter to the plaintiff:

"Dear Mr. Perrizo:

"Mrs. Sally Mabbott requested that I write to you about the account of Moraine Airways, Inc., and she suggested that I give you a letter of guaranty for payment of the account of Moraine Airways, Inc., as may be due from time to time.

"This letter is my guarantee that I will be personally responsible for accounts of Moraine Airways, Inc., and that payment will be made by me within thirty (30) days of notice sent to my office of Moraine's delinquent account.

"Thank you for your past favors to Moraine.

"Very truly yours,
"James D'Amato"

Thereafter, Moraine received services and fuel from the plaintiff and had an unpaid account for such items as of December 19, 1972, in the amount of $1,509.06. As of the same date, Moraine also owed the plaintiff a balance of $1,648.22 for repairs to an airplane operated by Moraine on a lease arrangement from a third party.

In answering the complaint, the defendant admitted the following significant facts; that as additional consideration for granting credit to Moraine, the plaintiff requested of Moraine that the defendant guarantee payment of the account of Moraine; that pursuant to such request the defendant sent such a letter of credit; that due demand has been made for payment and defendant has refused and continues to refuse payment; that notice of delinquency of the account was furnished the defendant and that he refused to make payment in accordance with the provisions of the letter of credit.

The answer also alleges that defendant did not have information sufficient to form a belief as to the arrangements between the plaintiff and Moraine for the furnishing of fuel, maintenance and other services or the amount of such materials and services so furnished and performed.

Under a caption in his pleading entitled "Affirmative Defense," the defendant alleges that he was not involved

in the daily operation of Moraine, had no knowledge of its dealings with the plaintiff and was informed that part of the money sought was for repairs of a leased plane damaged in a collision; that the cost of the repairs was covered by insurance and that such proceeds were being held by the leasing company. His affirmative defense also alleges that he owes plaintiff $1,509.06; requests an accounting; and finally alleges he is able and willing to pay the plaintiff the sum due it.

Default judgment was entered against Moraine in the amount of $3,157.26. Subsequently, the instant case was brought on for trial. The defendant did not personally appear. However, he was represented by counsel. Wilbert Haase, president of the plaintiff and the airport manager, was the only person to testify. He testified as to the source and amounts of the accounts, their delinquency and the demands for payment. He also testified that the plaintiff had asked for and received a letter of credit from the defendant to guarantee the account of Moraine.

The defendant did not present any evidence and after testimony and in argument to the court, defendant's counsel asserted that the defendant did not know whether the letter of credit had been accepted by the plaintiff and that no notice of acceptance had been sent to the defendant.

The trial court found that "based on the entire record herein and the pleadings, and the admissions of the defendant in its answer, together with the exhibits received into evidence, it is the court's determination that the plaintiff shall have judgment against the defendant. . . ."

On appeal, the defendant contends there is no evidence proving plaintiff sent defendant a notice of acceptance of his letter of guarantee. The general rule, and the rule which we find applicable to the facts of this case, is that mutual assent and agreement can be found where

the creditor requests a letter of guarantee of a third party, who then sends the letter. 38 Am. Jur. 2d, *Guaranty*, p. 1037, sec. 39; p. 1039, sec. 41; Annot. (1966), 6 A. L. R. 3d 355.

The defendant takes the position that this rule is not applicable to the instant case because the evidence will not support a finding that the request for the guarantee was made directly to the defendant. Such a contention raises the question of the sufficiency of the evidence. From our examination of the record, we conclude that the finding of the trial court that the defendant was liable on the contract of guarantee was not against the great weight and clear preponderance of the evidence.

*Chicago Lock Co. v. Kirchner* (1929), 199 Wis. 30, 225 N. W. 185, presented a factual situation very similar to this case. The court there rejected the contention that the letter constituted an offer requiring further acceptance, and at page 34 stated:

". . . The defendant, according to his own admission, was the president of the K. I. P. Corporation and controlled one half of its business. He was fully aware of the terms of the contract when he executed the guaranty, and executed the same at the request of the manager of the K. I. P. Corporation, pursuant to the terms of the contract. . . ."

In the present case, defendant, by his answer, admitted that he was an officer of the debtor—Moraine; that the letter of guarantee was requested by the plaintiff as additional consideration for the extension of credit to Moraine; that the request was made with specific reference to the defendant; and that the defendant issued the letter pursuant to the contract and the request by the plaintiff. Moreover, there is the additional testimony of Haase that the letter was requested of the defendant.

The defendant directs our attention to *Electric Storage Battery Co. v. Black* (1965), 27 Wis. 2d 366, 134 N. W. 2d 481. In that case this court was not called upon to

consider the issue of whether notice of acceptance is required when the letter of guarantee is not the original offer but is sent in response to a request for guarantee originating with the creditor. Furthermore, the decision of *Kirchner, supra,* is consistent with the generally recognized rule that notice of acceptance is not required where the guarantor has a pecuniary interest in, or close relationship with, the principal, such as where the guarantor is an officer or director of, or partner in, the principal. 38 Am. Jur. 2d, *Guaranty,* p. 1040, sec. 41; Annot. (1966), 6 A. L. R. 3d 355. The factor of financial and managerial interest further distinguishes the present case and *Kirchner* from *Electric Storage Battery.*

The defendant also raises issues in regard to failure to plead notice and acceptance of guarantee, burden of proof and others. As we view the record, and in light of the posture of the present case as we see it, none of these issues have any significant effect on the result.

The answer of the defendant admitted that he sent the letter of guarantee pursuant to the request of the plaintiff and the requirements of the contract between the plaintiff and Moraine. This is consistent with evidence produced by the plaintiff. Under the circumstances of this case, there was no need to send a notice of acceptance of the letter of guarantee of the defendant and, therefore, no need to plead or prove such an acceptance had been sent.

On appeal, the defendant also contends that even if there was a binding contract of guarantee, his performance was discharged by subsequent amendments of the primary contract between the plaintiff and Moraine of which the defendant was not notified.

This issue was not presented to the trial court and is raised for the first time on appeal. Therefore, we do not consider it on this appeal. *Northern States Power Co. v. Hunter Board of Supervisors* (1973), 57 Wis. 2d 118, 132, 133, 203 N. W. 2d 878; *Vollert v. Wisconsin Rapids*

(1965), 27 Wis. 2d 171, 133 N. W. 2d 786. We observe, however, that this issue was not raised by the defendant in his responsive pleadings. Therefore, it would not have been necessary for plaintiff to present evidence on the issue at trial. Affirmative defenses, containing new matter must be pleaded in the answer or otherwise properly presented or are waived. Sec. 263.13, Stats. *Cf. Poehling v. La Crosse Plumbing Supply Co.* (1964), 24 Wis. 2d 239, 128 N. W. 2d 419.

The plaintiff requests that this court exercise its discretion and award damages and double costs pursuant to sec. 251.23 (3), Stats., which provides:

"(3) DAMAGES; COSTS DOUBLED. The court may adjudge to the . . . respondent on appeal in any civil action, on affirmance, damages for his delay in addition to interest, not exceeding ten per cent on the amount of the judgment affirmed, and may also in its discretion award to him double costs."

While we affirm the judgment of the trial court, we do not consider the issues raised by the defendant to be completely without merit, nor raised merely for delay. The appendix prepared by the defendant-appellant was not prepared and ordered in conformance with the requirements of sec. 251.34 (5), Stats. However, we are of the opinion this is not an appropriate case in which to exercise our discretion to fix and allow damages and double costs.

*By the Court.*—Judgment affirmed.