JOHN DEERE COMPANY, Plaintiff-Respondent, v. BABCOCK, Defendant-Appellant.†

Supreme Court

*No. 76–654. Submitted on briefs March 28, 1979.—
Decided May 30, 1979.*
(Also reported in 278 N.W.2d 885.)

† Motion for reconsideration denied, with $50 costs, on June 29, 1979.

For the appellant the cause was submitted on the briefs of *Trayton L. Lathrop, Michael J. Lawton* and *Isaksen, Werner, Lathrop & Heaney* of Madison.

For the respondent the cause was submitted on the brief of *Benjamin W. Laird* and *Michael, Best & Friedrich* of Madison.

WILLIAM G. CALLOW, J. The question on this appeal is whether the complaint in an action seeking recovery on a continuing guaranty must allege that the creditor gave the defendant-guarantor notice of the specific extensions of credit on which recovery is sought. Because the guaranty expressly waived such notice, we hold that the demurrer was properly overruled.

The complaint alleges that on or about September 27, 1974, Frank DeVries, president of Prairie Farm Store, Inc. (the dealer), of Elkhorn, Wisconsin, entered into an agricultural dealer agreement and a security agreement with the plaintiff corporation, John Deere Company (Deere). The dealer agreement, incorporated by reference into the complaint, provided that 90 percent of the invoice price of the machinery sold by Deere to the dealer became due and payable to Deere whenever such machines were removed from the dealer's inventory or were paid for by a retail customer. On the same date at Deere's request, DeVries and the defendant, Steven W. Babcock, entered into a guaranty on a form provided by Deere. The guaranty provides in part that the guarantors agree to guarantee payment of "all debts, however arising, and whether now contemplated or not, in amount, purpose and/or otherwise, which may hereafter be incurred, from time to time." It further states that the guarantors waive notive of "any present or future advancement or credit at any time made or extended by" Deere to the dealer.

The complaint states that on or about March 5, 1975, the dealer sold certain machines but did not pay Deere as agreed. It alleges the dealer became insolvent. The action seeks recovery of indebtedness in the amount of $52,101.11 from Babcock as guarantor. Babcock demurred to the complaint on the ground that it did not state a cause of action because there was no allegation that any of the obligations for which recovery was sought were known to Babcock. The trial court overruled the demurrer, and Babcock appeals.

The question on appeal is whether the complaint fails to state a cause of action because it makes no allegation that the indebtedness on which recovery is sought was known to the defendant-guarantor.

A guaranty of payment for future purchases is considered a continuing offer to guarantee payment of each purchase as a separate transaction. The offer is accepted on each successive sale. *Klatte v. Franklin State Bank,* 211 Wis. 613, 618, 249 N.W. 72 (1933) ; *Bremer v. Rufener,* 186 Wis. 195, 197, 202 N.W. 206 (1925) ; 10 Williston, *Contracts,* sec. 1253 (3d Ed. 1967). The offer may be revoked at any time before it is accepted. *Klatte, supra.* Generally, a binding contract of guaranty requires the creditor to notify the guarantor of his acceptance of the offer to guarantee. *Electric Storage Battery Co. v. Black,* 27 Wis.2d 366, 134 N.W.2d 481 (1965) ; *A. B. Kuhlman Co. v. Cave,* 135 Wis. 279, 115 N.W. 793 (1908) ; *Miami County National Bank v. Goldberg,* 133 Wis. 175, 113 N.W. 391 (1907) ; *New Home Sewing Machine Co. v. Simon,* 104 Wis. 120, 80 N.W. 71 (1899). This requirement enables the guarantor to know the extent of his liability so that he may plan his financial affairs and guard against losses of which he might otherwise be unaware.[1] *Miami County National Bank, supra* at 180.

Because a continuing guaranty is no more than a continuing offer of guaranty accepted on each sale and rev-

---

[1] Where the reason for the notice of acceptance requirement is absent, the court will generally not require notice. For instance, mutual assent might be evident where the creditor requests a letter of guaranty, and the third party sends the letter. *Fond du Lac Skyport, Inc. v. Moraine Airways,* 67 Wis.2d 109, 112–13, 226 N.W. 2d 428 (1975). If the guarantor has a pecuniary interest in, or close relationship with, the principal debtor, notice of acceptance will generally not be required. *Id.* at 114. Likewise, where the guaranty is an unconditional agreement to pay a fixed, previously incurred debt, notice of acceptance is unnecessary. *Estate of Mingesz,* 70 Wis.2d 734, 741, 235 N.W.2d 296 (1976).

ocable before each acceptance, and because notice of acceptance of the offer is generally required, the creditor must ordinarily give the the guarantor notice of successive transactions under the guaranty. We recognize that this position is at odds with the prevailing view that notice of transactions[2] is required only if expressly called for in the offer. *See, e.g.:* Dole, *Notice Requirements of Guaranty Contracts,* 62 Mich. L. Rev. 54, 89 (1963) ; 38 Am. Jur.2d *Guaranty* sec. 99 (1968). However, this court has consistently adhered to the proposition that notice of acceptance is required unless there are special circumstances excusing it, in contrast to the Restatement rule that it is necessary only when the guarantor did not reasonably know of the extension of credit. Restatement of *Security,* sec. 86 (1941) ; Restatement of *Contracts,* sec. 56 (1932). *See generally: Electric Storage Battery Co. v. Black, supra* at 374.

Nonetheless, the guaranty offer at issue contained a clause waiving notice of successive extensions of credit. We are obliged to give effect to such a waiver on the record before us. *International Textbook Co. v. Mabbott,* 159 Wis. 423, 427, 150 N.W. 429 (1915).

Babcock maintains that under the rules established in *Capocasa v. First National Bank,* 36 Wis.2d 714, 154 N.W.2d 271 (1967), and *John Miller Supply Co. v. Western State Bank,* 55 Wis.2d 385, 199 N.W.2d 161 (1972), an agreement to guarantee payment for future transactions will be enforced only to the extent that the future transactions were in the clear contemplation of the parties. Those cases, dealing respectively with a mortgage and Article 9 security agreement,[3] are inapplicable to the instant case. A retail dealership, by its

---

[2] The commentators have remarked that the courts have confused notice of intent to accept with notice of transactions. *See, e.g.,* Dole at 85–6. We note only that notice of successive transactions occurring under a continuing guaranty is generally required.

[3] *See:* Chapter 409, Stats.

very nature, contemplates continuous shipments of inventory to the dealer from the supplier. It is true that a material change in the obligation will discharge an uncompensated guarantor, *Vandervest v. Kauffman Pizza, Inc.*, 60 Wis.2d 230, 244, 208 N.W.2d 428 (1973), but such an issue cannot be placed before the court by demurrer.

Deere has pleaded performance of all conditions of the dealership agreement and guaranty. The demurrer was properly overruled.

*By the Court.*—Order affirmed.

ABRAHAMSON, J., took no part.

The following memorandum was filed June 29, 1979.

PER CURIAM *(on motion for reconsideration).* The defendant-appellant, Babcock, in his motion for reconsideration, asks the court to rule on his argument that notice must be given of intention to make an extension of credit under a continuing guaranty. Babcock contends that notice must be given *before* each transaction, not merely *after* each extension of credit, as we have previously stated. The argument must be rejected. Notice of intent to accept under a continuing guaranty offer is required "when the offer indicates a willingness to guaranty only if the creditor signifies his intention to accept." Dole, *Notice Requirements of Guaranty Contracts,* 62 Mich. L. Rev. 57, 61 (1963). The contract in the instant case not only fails to suggest that the guaranty offer is conditional upon notice of intent to accept; it expressly waives notice of "any present or future advancement or credit at any time . . . ."

In addition, footnote 2 of this opinion is amended to read:

Motion denied.