**PRIZE STEAK PRODUCTS, INC.,**
Plaintiff-Appellant,

v.

**BALLY'S TOM FOOLERY, INC., f/k/a**
Barnaby's Family Inns, Inc.,
Defendant-Appellee.

No. 82–2979.

United States Court of Appeals,
Seventh Circuit.

Argued June 8, 1983.

Decided Sept. 2, 1983.

As Amended Sept. 14, 1983.

Harvey Jay Goldstein, Goldstein & Goldstein, Milwaukee, Wis., for plaintiff-appellant.

Howard A. Pollack, Charne, Glassner, Tehn, Clancy & Taitelman, S.C., Milwaukee, Wis., for defendant-appellee.

Before PELL and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*

FLAUM, Circuit Judge.

This is an appeal from a judgment dismissing the appellant's action against the appellee to enforce a guaranty. For the reasons stated herein, we affirm the decision of the district court.

The appellant, Prize Steak Products, Inc. ("Prize"), is a supplier of food products to restaurants. One of its customers was the appellee, Bally's Tom Foolery, Inc., formerly known as Barnaby's Family Inns, Inc. ("Barnaby's"), which operates a chain of restaurants known as Barnaby's. In May, 1977, Bally's sold six of these restaurants, all located in Wisconsin, to the then current manager of each restaurant. These were to be operated as Barnaby's franchises. Shortly thereafter, Prize's president, Anthony LaRosa, learned of the sales. He immediately phoned Frank Pope, who was then Barnaby's president, to inquire about the financial viability of the franchises. As LaRosa later testified, he made the call because he was concerned about extending credit to the franchisees for food that Prize would sell them. During the conversation that ensued, according to LaRosa, Pope told LaRosa not to worry about the credit, because if the franchises failed they would be restored to Barnaby's, and Barnaby's would then be liable for the franchises' debts. No written record of this statement was made.

Prize supplied the six franchises with food products from May, 1977, through Oc-

---

* The Honorable Robert A. Grant, Senior District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation.

tober, 1980. During this time, it dealt directly with the franchisees themselves, and not the appellee, Barnaby's. During the period from July 1, 1980, through October 31, 1980, Prize did not receive payment from the franchisees in return for its products. On October 21, 1980, pursuant to federal court order, the Barnaby's franchisor-franchisee relationship was terminated and the restaurants were restored to the appellee. Prize then sued Barnaby's to recover the amount owed by the franchisees, $38,508.04, claiming that Frank Pope had guaranteed that Barnaby's would pay the debts that the franchisees failed to pay.

At trial, the jury found, by special verdict, that Pope had in fact created a guaranty of payment of the future obligations of the six franchisees. Barnaby's then raised two legal defenses. First, it argued that the guaranty was unenforceable because it was not in compliance with the statute of frauds. Second, it argued that the guaranty was unenforceable because Prize had failed to comply with usual notice-of-acceptance requirement, i.e., Prize had not notified Barnaby's of each of the specific instances in which it had extended credit to the franchisees.

The court below found against Barnaby's on the statute of frauds issue, holding that the guaranty fell within an exception to the statute's requirements known as the beneficial consideration doctrine. However, it held for Barnaby's on the notice issue, finding the guaranty unenforceable because of Prize's failure to notify Barnaby's of each transaction with the franchisees in which credit had been extended. The question before this court is whether the trial court ruled correctly on these two legal issues.

## I. THE STATUTE OF FRAUDS ISSUE

■ The statute of frauds issue raised in this case is really two issues. First, did the oral guaranty given by Pope to LaRosa fall within an exception to the statute of frauds requirements?[1] Second, if not, can the

statute of frauds requirements be avoided in this case under an alternative theory of equitable estoppel?

With respect to the first of these two issues, the appellants argue, and the magistrate found, that an exception to the statute of frauds requirement, known as the beneficial-consideration doctrine, applies to the facts of this case. Relying on the case of *Mann v. Erie Manufacturing Co., Inc.,* 19 Wis.2d 455, 120 N.W.2d 711 (1963), the court found that a promise of a guaranty can be oral "... if the main purpose and object in making the promise is not to answer for another but directly to serve or promote the interests of the promisor...." *Id.* at 460, 120 N.W.2d at 714. It concluded that Pope's promise to LaRosa was motivated by self-interest, and therefore, according to the beneficial-consideration doctrine, was not required to be in writing.

■ We find this to be an incorrect reading of the *Mann* case. According to *Mann,* the dispositive factor in determining whether an oral guaranty is enforceable is not whether it was motivated by self-interest, but whether it was intended to make the guarantor *primarily* liable for the debt of another, i.e. liable even where there has been no default. *Mann* holds the statute of frauds applicable so long as "the promise is in fact one to answer for the debt *and default* of another...." *Id.* at 462, 120 N.W.2d at 715 (emphasis added). The promisor's motive or purpose in making the promise does not in and of itself take the promise outside of the statute of frauds, but is merely evidence used to determine if in fact the promise was intended to create a primary obligation. *Id.* at 461, 120 N.W.2d at 715. *See also Marshall v. Bellin,* 27 Wis.2d 88, 91, 133 N.W.2d 751, 752 (1964) (interpreting the *Mann* decision). In the instant case, it is clear that any obligation that Pope created on behalf of Barnaby's was *not* primary, but rather contingent upon the failure of the franchises. Therefore, the statute of frauds should apply.

---

**1.** Prize concedes that under Wisconsin law, an oral guaranty, such as the one in this case, is void under the statute of frauds unless it falls within an exception to the statute's requirements.

■ As an alternative argument, appellant contends that the oral guaranty should be enforced on the theory of equitable estoppel, notwithstanding the statute of frauds. The elements of equitable estoppel were enunciated in the case of *Wamser v. Bamberger,* 101 Wis.2d 637, 642, 305 N.W.2d 158, 160 (Wis.App., 1981):

(a) A promise;

(b) which the promisor should reasonably expect to induce action or forbearance on the part of the promise;

(c) and which does induce such action or forebearance;

(d) is enforceable notwithstanding the statute of frauds if injustice can be avoided by enforcement of the promise.

*Quoting* Restatement, Second, Contracts § 139. Proof of equitable estoppel must be clear, satisfactory and convincing, and is not to rest on mere inference and conjecture. *Variance, Inc. v. Losinske,* 71 Wis.2d 31, 39, 237 N.W.2d 22, 26 (1975).

■ The trial court determined that for the doctrine of equitable estoppel to be applicable in this case, Prize must prove that it was deterred from complying with the statute of frauds, i.e. putting Pope's promise in writing. It then found that Prize had not met this burden of proof. While we agree that a showing that Prize had been induced to refrain from putting the promise in writing would be sufficient to invoke the principle of equitable estoppel, we do not agree that such a showing is necessary. The doctrine of equitable estoppel can apply to any situation where one party reasonably relies on the oral promise of another to his or her detriment; the detrimental reliance required need not relate directly to the failure to put the promise in writing, but may be any kind of

action taken or not taken in the belief that the promise would be performed. *See In Matter of Estate of Lade,* 82 Wis.2d 80, 260 N.W.2d 665 (1977); Williston on Contracts, Third Edition § 533A. In this case, Prize argues that its selling of food on credit to the Barnaby's franchisees constituted detrimental reliance on Pope's guaranty, sufficient to invoke the doctrine of equitable estoppel.

■ Whether facts proven are sufficient to constitute an estoppel is a question of law properly before this court for review. *J.H. Cohn & Co. v. American Appraisal Assoc.,* 628 F.2d 994, 1000 n. 7 (7th Cir. 1980). We hold that the facts before us are not sufficient to constitute an estoppel, and that therefore the oral guaranty made by Pope is unenforceable.

■ The reason for our holding is that Prize has not met its burden of proving the elements of estoppel clearly, satisfactorily, and convincingly. *Variance Inc. v. Losinske,* 71 Wis.2d 31, 39, 237 N.W.2d 22, 26 (1975). Specifically, Prize has offered no convincing evidence that it actually did rely on Pope's guaranty in making its decision to extend credit to the franchisees. Instead, it asks us to infer such reliance from the mere fact that a guaranty was made. This we will not do. To infer detrimental reliance sufficient to invoke the doctrine of equitable estoppel from the mere making of a guaranty would be to take most, if not all, guarantees outside of the statute of frauds, a result surely not intended by the legislators that enacted that statute. At the very least, some additional facts must be clearly proven to create a strong inference of actual reliance.[2] Because this has not been done in this case, the oral guaranty is not enforceable under the doctrine of equitable estoppel.[3]

---

**2.** For example, if Prize could prove that, as a matter of policy, it never extended credit to new franchises without a guaranty, this might be sufficient proof of actual reliance.

**3.** The Second Restatement suggests that even proof of actual reliance would not be enough in this case to invoke the doctrine of equitable estoppel. It states that " . . . . reliance of the

kinds usual in suretyship transactions is not sufficient to justify enforcement of an oral guaranty, where the evidentiary and cautionary functions performed by the statutory formalities are not fulfilled." Restatement, Second, Contracts § 139 comment C. Presumably, this additional condition is deemed necessary because of a natural presumption that persons do not usually voluntarily obligate themselves for

## II. THE NOTICE–OF–ACCEPTANCE ISSUE

The oral guaranty is also unenforceable because, as the court below correctly found, Prize failed to comply with the notice-of-acceptance requirement applicable to the guaranty.

■ The notice-of-acceptance requirement provides that where there is a continuing guaranty, as here, the creditor must give the defendant guarantor notice of the specific extensions of credit on which recovery is sought. *John Deere Co. v. Babcock,* 89 Wis.2d 672, 674, 278 N.W.2d 885, 886 (1979). This notice enables the guarantor to keep track of the extent of its liability and thus plan its financial affairs. *Id.* at 675, 278 N.W.2d at 886. This ability is particularly important to the guarantor because a continuing guaranty is no more than a continuing offer of guaranty accepted on each sale, and is revocable at any time before it is accepted. *Id.* at 675–676, 278 N.W.2d at 886.

■ Prize concedes that no notice of acceptance was given to Barnaby's, and that ordinarily this would render the guaranty unenforceable. However, it argues that this case falls under a limited exception to the notice-of-acceptance requirement. That exception was recognized in the case of *Fond du Lac Skyport, Inc. v. Moraine Airways,* 67 Wis.2d 109, 226 N.W.2d 428 (1975). In that case, the court stated that where the guarantor has "a pecuniary interest in, or close relationship with, the principal," notice of acceptance is not required. *Id.* at 114, 226 N.W.2d at 431. Prize argues that the relationship between Barnaby's and its franchisees was of the type that should make notice of acceptance unnecessary. We disagree.

*Fond du Lac* involved a defendant who was an officer and director of a corporation, and who, at the request of the plaintiff, gave his personal guaranty to the plaintiff for the debts of the corporation. The rationale behind the holding was that actual notice to the guarantor was not necessary, because the guaranty was offered in response to a specific request, and because the guarantor was in a position where he could be expected to know of the transaction giving rise to the action. *Id.* at 113–114, 226 N.W.2d at 431. Thus, the key to the decision was not the mere fact of a close relationship between the guarantor and the debtor, but the *absence of necessity* of notice of acceptance. *See also Electric Storage Battery Co. v. Black,* 27 Wis.2d 366, 370–74, 134 N.W.2d 481, 483–86 (1964) (father-son relationship not sufficient to come within exception to notice requirement, where no showing made that notice was unnecessary).

In the present case, such an absence of necessity might be found if Barnaby's were intimately involved in the day-to-day operations of its franchises. However, this is not the case here. Therefore, we find the guaranty unenforceable because the notice-of-acceptance requirement has not been met.

The judgment of the lower court is affirmed.

---

the debts of another, and because of a special need to protect those who assume such an unusual obligation. These considerations seem sound where, as in this case, the guaranty is made gratuitously, i.e. without consideration passing to the guarantor. However, where a guarantor is paid to make a guaranty, there is no reason to treat the case differently than any other case involving an oral promise, except to

insist on a particularly strong showing of actual reliance. Precluding the doctrine of equitable estoppel in all cases involving oral suretyship transactions unless the functions of the statute of frauds are otherwise fulfilled unnecessarily exposes promisees in suretyship transactions to a greater risk of injustice than promisees in other types of transactions.