GEORGE F. TILTON *vs.* JOHN F. GOODWIN & others.

Suffolk.   January 16, 1903. — April 2, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Judgment.*

In a suit in equity to reach and apply property of the defendant in satisfaction of a judgment, obtained in an action at law in which the defendant did not appear and was defaulted, the defendant cannot avail himself of alleged payments which could have been pleaded and proved in defence of the action at law, and which relate to the merits of the debt on which the judgment was founded.

BILL IN EQUITY, filed August 11, 1902, to reach and apply a certain judgment obtained by the defendant Goodwin against

the defendant Smith in satisfaction of a judgment obtained by the plaintiff against the defendant Goodwin for $110.25 damages and $6.48 costs, execution for which had been returned unsatisfied.

At the trial in the Superior Court before *Hardy*, J., the defendant Goodwin, in support of the third paragraph of his answer, referred to by the court, offered to prove the following facts: That, on October 4, 1901, he had the plaintiff cash a draft for $100 and a check for $74, for his accommodation. That on October 24, 1901, the draft and check, which were made by persons other than Goodwin, being unpaid, at the plaintiff's request, Goodwin made a note for $200 payable in instalments from his wages, as further security, the plaintiff not surrendering the draft and check. Thereafter, Goodwin paid the sum of $90, and, in May, 1902, the plaintiff brought an action on the note and recovered a judgment by default, which was the basis of this suit. At the time of that action the plaintiff had, without the knowledge of the defendant, brought a suit in equity, in the Superior Court, against the maker of the draft, and had a decree in his favor, and thereafter surrendered the draft to the maker, it being of the value of $100. The defendant Goodwin contended that the plaintiff had received $190, which was more than any indebtedness of that defendant to the plaintiff.

The judge refused to admit the evidence offered, and ordered a decree for the plaintiff. The defendant Goodwin alleged exceptions.

*H. Dunham*, for the defendant Goodwin.

*H. W. Hardy*, for the plaintiff, submitted a brief.

BRALEY, J. By the transaction set out in the third paragraph of the answer of the defendant Goodwin, and under which he made his offer of proof at the trial, the plaintiff held the note, which has been merged in the judgment set out in the bill, as collateral security for the payment of the money advanced on the draft and check, and payments having been made on account of the loan, ordinarily only the balance remaining due could be recovered; but the plaintiff apparently did not give full credit for the payments in the suit brought on the note, and recovered judgment for a larger sum than the

amount remaining after deducting them from the face of the note. The defendant did not appear to answer the suit, but was defaulted, and now asks to be allowed the benefit of the payments, though made before the date of the writ in the suit on the note, by way of defence, either to reduce the amount of the judgment, or extinguish it altogether. These payments could have been properly pleaded and proved in defence of the note, and were involved in the merits of the debt on which the judgment is founded. He failed to avail himself of this defence at the proper time, and cannot now when a bill in equity is brought to enforce the collection of the judgment, attack it collaterally, by making a defence that was open to him in the original action.

If the defendant could successfully contend that the payments made by him gave him a cause of action against the plaintiff independently of the note, then they might be pleaded by way of set-off to the judgment. But a set-off to the whole or a part of a plaintiff's claim is a distinct cause of action, which may be made, and if sustained, affords a legal reason why a defendant should not be called upon to pay the demand sued on, and is not in the nature of a defence thereto. *Sheldon* v. *Kendall*, 7 Cush. 217, 219. *Fiske* v. *Steele*, 152 Mass. 260, 261.

It follows that neither by way of payment nor of counterclaim can the defendant now avail himself of the defence which he seeks to make to the plaintiff's bill; and the entry must be,

*Exceptions overruled.*