George L. Cobb, J.
Defendants Becker and High Green Corporation move for summary judgment dismissing the complaint herein and defendant Cowan cross-moves for similar relief as well as for summary judgment upon his cross claim against defendant Becker.
The complaint charges that the plaintiff owns 40% of the stock of the defendant corporation and in the first and second causes of action in the complaint, alleges an agreement among the stockholders of the defendant corporation which, in effect, conferred upon each of them first refusal rights if any other stockholder wished to sell his stock to the extent that a continuing stockholder might purchase from such other such number of shares as would bring the continuing stockholder’s total holding to 50% of the total number of outstanding shares. In the third cause of action herein, plaintiff charges that a certain lease, executed by the defendant corporation as landlord to the defendant Cowan as tenant, was not properly authorized and here seeks a declaration that said lease is null and void.
*241 Section 8-319 of the Uniform Commercial Code, to the extent here applicable, says, in effect, that a contract for the sale of securities is not enforceable unless it be contained in a writing signed by the party to be charged which indicates that a contract has been made for the sale of a stated quantity of a described security at a defined or stated price. It is conceded by all parties that the contract pleaded by the plaintiff was oral, and, accordingly, the applicability of the last cited statute to this case would depend upon whether or not the stock here involved is a security, as such is defined in section 8-102 (subd [1], par [a]) of the Uniform Commercial Code. Before resolving this substantive matter, however, the court will dispose of a procedural matter.
While the answers herein allege that the subject agreement was not in writing and, therefore, is unenforceable under the Statute of Frauds, the bar of section 8-319 of the Uniform Commercial Code has not been specifically pleaded. While, as a general matter, summary judgment may not be had upon an unpleaded defense (Furlo v Cheek, 20 AD2d 939, 940), where, as here, the essential facts are undisputed and all parties have had an adequate opportunity to brief and argue the legal issue involved, the court should consider the applicability of the last cited statute upon this motion, even though such was not specifically pleaded (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3212, C3212:10, C3212:ll).
Said section 8-102 (subd [1], par [a]) of the Uniform Commercial Code says, among other things, that a security is an instrument "of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment”. It is apparent that the instruments here in question were stock certificates, and that securities exchanges or markets are primarily concerned with the sale and purchase of such instruments. It might be argued that securities exchanges or markets seldom, if ever, deal in the stock of any corporation which has fewer than four stockholders and whose only substantial asset is a structure housing but two professional offices. However, even the adoption of this strained construction of the statute would not exclude this stock from the statutory definition because such stock is certainly commonly recognized by many people as a medium for investment.
In Cohn, Ivers & Co. v Gross (56 Misc 2d 491, 493-494) the *242 court quoted with approval from Matter of Waldstein (160 Misc 763, 766-767), wherein it was said that "certificates of stock are now regarded as securities” and in New York Jurisprudence (Transfers of Securities, Vol 60, § 5), it is stated flatly that "[a] certificate of stock * * * comes within the definition of 'security’ in UCC § 8-102 (l)(a), so as to be subject to Article 8 of the Commercial Code even though it is an instrument evidencing title or equity rather than an obligation to pay.”
The court does not regard the holding of a divided court in Silverman v Alcoa Plaza Assoc. (37 AD2d 166) to be contrary since the court there treated the stock in a co-operative apartment building corporation as only a part of a joint property interest which included the corresponding proprietary lease. The court in that case treated the said joint property interest as "goods”, as such is defined in article 2 of the Uniform Commercial Code, and it apparently did so to render inapplicable the "harsh” forfeiture of deposit rule generally applicable to contracts for the sale of real property. The holding in Silverman (supra) should not be extended to this kind of case.
The plaintiff claims that, for a number of reasons, the provisions of section 8-319 of the Uniform Commercial Code should not be applied in this case, but the reasons he sets forth turn out to be examples of the considerations which often promote and encourage written "buy and sell” agreements between stockholders of closely held corporations rather than factual circumstances which render the last cited statute inapplicable to this case.
The first and second causes of action of the complaint should be dismissed. No dismissal of the third cause of action should be ordered, however, because the absence of triable issues as to such cause has not been adequately demonstrated. As for that portion of the cross motion which seeks summary judgment upon the cross claim of the defendant Cowan against defendant Becker, there is no significant opposition to said defendant’s prima facie case for such relief, and it should be awarded.
Accordingly, the motion and the cross motion will each be granted to the extent indicated and the third cause of action alleged in the complaint severed. In all other respects, the motions will be denied.