**Clarence KENNEY, Appellant,**

v.

**John PORTER, Appellee.**

**No. 1201.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 20, 1977.

Ballard Bennett, Weslaco, Adams, Graham, Lewis, Jenkins, Jones & Graham, Harlingen, for appellant.

Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellee.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Clarence Kenney brought suit against John Porter for specific performance of an alleged contract to purchase some 3355 shares of stock in a closely held corporation. Defendant Porter answered Kenney's petition and filed a motion for summary judgment. After reviewing Porter's motion for summary judgment, Kenney's answer to the motion, the accompanying affidavits and briefs, the trial court granted the motion. Plaintiff Kenney has perfected his appeal to this Court.

Kenney and Porter are the sole stockholders of the Valley Plumbing Supply Company, a Texas corporation. On April 16, 1971 they entered into an agreement of purchase and sale which provided that if either stockholder should become dissatisfied he could set in motion a buy-sell arrangement. This agreement provided for the buying out of either by the other or the sale of stock by either to the other. The agreement also provided for the purchase of the stock by the surviving party should the other die. The buy out/sell out portion of the agreement provided that in the event either of the stockholders should become dissatisfied with their position in the Company, he could give sixty (60) days notice in writing to such effect to the other stockholder. Such notice would contain a statement that the party giving the notice (Offeror) desires to sell his stock or purchase the other party's stock and that he has estimated the value of his stock in said company to be a set certain sum, which is to be stated in the notice. The agreement provided that the other party would have a period of sixty (60) days in which to accept or reject the offer.

On July 7, 1976, Kenney sent Porter a letter exercising the above quoted portion of the agreement. In his letter, Kenney offered to sell to Porter his 3,355 shares for $25 per share for a total of $83,875.00. Kenney also offered in the alternative to buy Porter's 4,830 shares for $25 per share

for a total of $120,750.00. At this point the facts are in dispute. Kenney claims that Porter accepted the offer orally on September 7, 1976, and after a couple of scheduled meetings to close, the transaction failed to develop; and Porter then informed Kenney he would not carry out his acceptance. Porter claims he never accepted Kenney's offer; that he never agreed to buy Kenney's stock or sell his stock to Kenney; and that he never signed any written agreement which obligated him to buy or sell his stock.

The only pertinent fact which is uncontroverted is that Porter did not accept Kenney's written offer in writing. Porter's argument, with which the trial court evidently accepted, was that Section 8.319, Tex. Bus. & Com.Code Ann. (1968), requires that there be a written contract for the sale of stock and since there was no written acceptance, there was no written contract for the purchase of the stock. Kenney presents seven points of error to this Court. The major question raised in this appeal is presented in Kenney's points of error 1 through 3. These points allege that the trial court erred in granting the motion for summary judgment on the grounds that Porter's acceptance of Kenney's offer had to be in writing, and even if this were true there was a fact question whether or not the stock in question was in fact a security under Section 8.319.

The pertinent portion of Section 8.319 states:

"A contract for the sale of securities is not enforceable by way of action or defense unless

(1) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated

quantity of described securities at a defined or stated price; or . . ."

The fact question allegedly raised is whether or not the stock in Valley Plumbing Supply Company constituted a "security" as that term is defined by the code.[1]

Because of the language of Section 8.102(a) defining security, Section 8.319 would not apply unless "the securities": were issued in bearer or registered form; were of the type commonly dealt in upon securities exchanges or markets commonly recognized in the area in which it is issued or dealt in as a medium for investment; and was either one of a class or series or by its terms was divisible into a class or series of instruments; and evidences a share, participation or other interest in property or evidences an obligation of the issuer. From this definition above it is apparent to us that a question of fact is raised by the requirements set out in definition itself. Before Porter can make any claim to the benefits of the statute of frauds contained in Section 8.319, he would have had to produce evidence at least sufficient to satisfy the limiting requirements of Section 8.102(a). The summary judgment evidence did not meet this criteria.

Under rule 166–A, Tex.R.Civ.P., when a defendant moves for summary judgment on the basis of an affirmative defense, such as the statute of frauds, he must conclusively prove all the essential elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.Sup.1972). The essential elements of defendant's defense under Section 8.319 are: 1) that the subject matter of this sale is a "security" as that term is defined in the code; and 2) that there was no written contract to purchase the security. Porter has clearly failed to prove as a matter of law, that the stock in Valley Plumbing Supply Company was a

1. Section 8.102(a) of the code defines security as an instrument which:

"(A) is issued in bearer or registered form; and
(B) is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment; and

(C) is either one of a class or series or by its terms is divisible into a class or series of instruments; and
(D) evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer."

security. He probably could not have established such as a matter of law since the question itself is one of fact.

■ The question for the trial court as well as for us on appeal is not whether the summary judgment proof raises fact issues with reference to the elements of the plaintiff's cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the movant/defendant's affirmative defense. *Odom v. Insurance Company of State of Penn.*, 455 S.W.2d 195 (Tex. Sup.1970); *State v. Superior Oil Company*, 526 S.W.2d 581 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Moore v. Mohon*, 514 S.W.2d 508 (Tex.Civ.App.— Waco 1974, no writ).

■ The fact that this specific point was not raised in the trial court does not aid Porter. Porter had the burden of establishing his right to a judgment as a matter of law and there is no penalty of waiver on the non-moving party for his failure to point out that the evidence was only sufficient to raise a fact issue. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.Sup.1972); *Hungate v. Hungate*, 531 S.W.2d 650 (Tex.Civ.App.—El Paso 1975, no writ). We cannot presume that there was sufficient summary judgment evidence to establish the fact. In a summary judgment case where all matters considered by the trial court are in the record, the appellate court will not indulge any presumptions in favor of the judgment. *Box v. Bates*, 162 Tex. 184, 346 S.W.2d 317 (1961); *Hungate v. Hungate*, supra. The most fundamental concept in summary judgment cases is that all doubts as to the existence of a genuine issue of material fact will be resolved in favor of the non-movant. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41 (Tex.Sup.1965); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); appellant's first three points of error are sustained. In light of our holding it is unnecessary for us to decide the remaining points of error raised by appellant Kenney. The judgment of the trial court is REVERSED and the cause is REMANDED for trial.