E. H. HINDS, INC. & others[1] *vs.* COOLIDGE BANK AND
TRUST COMPANY.

Middlesex.    December 13, 1977. — January 12, 1978.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Uniform Commercial Code,* Investment securities. *Set-Off. Words,*
"Security," "Holder."

Certain debentures issued by a bank to its directors and indorsed by
    them in blank and delivered to creditors as collateral security for
    loans were investment securities within the meaning of G. L. c. 106,
    § 8–102(1)(*a*). [9–10]
A bank which by the terms of promissory notes given to it by some of
    its directors had the right to set off any sum due from the bank to
    one of the directors against the liability of that director to the bank
    was not entitled to avail itself of this right in an action by the
    holders of debentures which had been issued by the bank to its
    directors and had been indorsed by them and delivered to the hold-
    ers as collateral security for loans from the holders to the directors.
    [11–12]

CONTRACT. Writ in the Superior Court dated March 13,
1972.

The action was heard by *Ronan,* J., on an auditor's
report.

*Melvin D. Cohen* for the defendant.

*Sumner H. Woodrow (Philip A. Wharton* with him) for
the plaintiffs.

GRANT, J. The question for decision in this case is
whether a bank which has a contractual right to set off
any sum which may become due from the bank to one of
its debtors against the liability of that debtor to the bank
may avail itself of that right with respect to the amount

---

[1] Venture Capital Corporation and Arthur M. Bobrick.

which becomes due under the terms of an investment security which the bank issues and delivers to the debtor under the provisions of Article 8 of the Uniform Commercial Code (G. L. c. 106, §§ 8–101 et seq.) and which the debtor indorses in blank and delivers to a different creditor as collateral security for a loan from that creditor. We hold that the bank may not avail itself of that right in the circumstances of this case and affirm a judgment against the bank for the full amount due under the terms of the security.

We summarize the relevant facts and pertinent proceedings.

In the summer of 1970 the financial condition of Industrial Bank and Trust Company (Industrial) became a matter of concern to the Federal Deposit Insurance Corporation (FDIC) and to the Commissioner of Banks of the Commonwealth (Commissioner). Acting at the suggestion of the Commissioner, Industrial decided to increase its capital by issuing $380,000 of debentures and the sale of the same to the directors of Industrial and others who might be interested. Certain of the directors were personally indebted to Industrial on promissory notes which contained a provision that Industrial could set off and apply against the directors' respective liabilities to it "[a]ny . . . sums at any time . . . due from the [b]ank to . . . the undersigned." Those directors did not have the monies necessary to purchase the debentures they were severally expected to take. Acting through a common intermediary who was a substantial stockholder of Industrial, they made arrangements to borrow the necessary sums from the plaintiffs.

As issued, the principal amount of each debenture was payable in five years, with interest payable quarterly at a fixed percentage rate (G. L. c. 106, § 8–102[1][a][iv]). Each debenture recited without qualification that the principal thereof and the interest thereon were and should remain obligations of Industrial until fully paid and that both the principal and the interest should

become due and payable on the demand of the holder in the event that any default in the payment of interest should continue for thirty days. The debentures still involved in the present case fell into two classes (G. L. c. 106, § 8–102[1][a][iii]): 9% subordinated debentures convertible into capital stock of Industrial on terms set out therein; and 7% subordinated debentures having no conversion privilege. The convertible debentures recited that the conversion terms had been approved by the FDIC and that any other retirement thereof would require the prior written consent of the FDIC and that such consent had not been requested or obtained. The other debentures recited that any retirement thereof would require the prior written consent of the FDIC and that such consent had not been requested or obtained. Each debenture was serially numbered and issued payable to the order of a named director of Industrial, and each bore a form which could be used for the purpose of transferring the debenture on the books of Industrial (G. L. c. 106, § 8–102[1][a][i] and [c]). None of the debentures contained any reference to the right of setoff found in the aforementioned notes of the directors. See G. L. c. 106, §§ 8–103 and 8–202(1).

The plaintiffs, acting through one or more intermediaries, advanced the purchase prices of the various debentures here in controversy, and it is not disputed that Industrial actually received the face amounts of the debentures. Each debenture, when issued, was delivered to one of the plaintiffs (G. L. c. 106, §§ 8–309 and 8–313[1] [a]), together with an indorsement in blank executed by the director named therein (on a form separate from that appearing on the instrument) and together with that director's promissory note to the order of a particular plaintiff for the total amount of money which had been advanced by that plaintiff. At the times of all these transactions the various directors in question were indebted to Industrial on the notes already referred to.

No interest was ever paid on any of the debentures, and each went into default approximately four months after

its issue date. In early 1971 Industrial was merged with and into the defendant pursuant to an agreement under which the defendant assumed liability for all $380,000 of the debentures which had been issued by Industrial. The (former) directors of Industrial defaulted on their notes to the plaintiffs, who then made demand on the defendant for payment of the debentures severally held by them. The defendant refused, apparently on the ground that the former directors to whom the debentures had been issued were still indebted to the defendant (as the successor to Industrial) in amounts which were in excess of the plaintiffs' various claims. It is undisputed that those amounts have never been paid.

The present action was commenced in the Superior Court in 1972 and was referred to an auditor (master), who found for the plaintiffs. The pleadings were amended following the filing of the master's report, apparently to conform to the facts found by the master. By its answer and counterclaim to the amended complaint the defendant sought to raise the right of setoff which had been accorded to Industrial by the terms of the aforementioned notes of the former directors of Industrial and prayed for declaratory relief to the effect that the amounts which it was entitled to set off were in excess of the plaintiffs' claims. For reasons which need not be explained, the case was (by agreement) submitted to the judge on the master's report and the evidence which had been introduced before the master. [2] The judge found the facts to be essentially as summarized above, ruled (among other things) that the debentures in question are investment securities (G. L. c. 106, § 8–102[1][a]) and that the plaintiffs are bona fide purchasers (G. L. c. 106, § 8–302) thereof, and ordered the entry of judgment for the plaintiffs for the principal

---

[2] This anomolous procedure has had no effect on the ultimate result, as there is no conflict between and among any of the evidence, the master's findings and the judge's findings with respect to any of the facts which are critical to the disposition of this case.

amounts of the debentures held by each of them, with interest. The defendant has appealed from the ensuing judgment.

1. The defendant contends that the debentures in question are not investment "securities" as defined in G. L. c. 106, § 8–102(1)(*a*), that they are nonnegotiable choses in action which were merely assigned to the plaintiffs in writing, and that it is entitled by reason of the provisions of G. L. c. 231, § 5 (as in effect prior to St. 1973, c. 1114, § 152),[3] to set off against each plaintiff the amount which his particular assignor (a former director of Industrial) now owes the defendant, all in accordance with the above quoted provisions of the (still unpaid) note of that plaintiff's assignor. The only serious bone of contention in this area is whether the debentures meet the requirement of G. L. c. 106, § 8–102(1)(*a*)(ii), that an "instrument" be "of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment."

The defendant offered the master the testimony of a stockbroker (and erstwhile vice president and loan officer of one of Boston's leading commercial banks) to the general effect that he had never seen debentures containing retirement restrictions similar to those of the present debentures, that such restrictions would impair the value of the debentures as collateral security, and that for that reason they would not be traded on any securities exchange or market with which he was familiar. It is obvious from a casual reading of the testimony of this witness that he misunderstood the import of the retirement restrictions and that he totally ignored the unqualified obligation of Industrial to pay the debentures at their maturities or upon the earlier occurrence of an event of default, such as the nonpayment of quarterly interest which occurred in this case.[4]

[3] See now Mass.R.Civ.P. 17(a), 365 Mass. 763 (1974).

[4] Counsel for the defendant conceded at argument that nothing in the retirement provisions of any of the debentures can serve as a bar to the maintenance of the present action.

However that may be, the testimony completely missed the point of that part of the definition of a "security" which is found in § 8–102(1)(*a*)(ii). An instrument can qualify as a "security" under (ii) even if it has never been traded on any securities exchange or market; the question is whether a particular instrument "is of a *type*" which is commonly dealt in upon securities exchanges or markets or "is of a *type*" commonly recognized as a medium for investment in any area in which it is issued or dealt in (emphasis supplied in both places.) *Baker* v. *Gotz,* 387 F. Supp. 1381, 1389–1390 (D. Del.), aff'd 523 F.2d 1050 (3d Cir. 1975). See also *Commonwealth* v. *Baker,* 368 Mass. 58, 69–70 (1975). In the few reported cases in which there has been occasion to consider whether debentures are instruments of a type described in art. 8–102[1](*a*)[ii]) of the Uniform Commercial Code (G. L. c. 108, § 8–102[1] [*a*][ii]) it has uniformly been held or conceded that they are. *Stoerger* v. *Ivesdale Co-op Grain Co.,* 15 Ill. App. 3d 309, 316 (1973). *Traverse* v. *Liberty Bank & Trust Co.,* 5 U.C.C. Rep. 535, 536, 539 (Mass. Super. Ct. 1967). *Baker* v. *Gotz, supra* at 1389. The judge's ruling on this point was correct.

2. The defendant also attacks the judge's finding and ruling that each of the plaintiffs is a "bona fide purchaser" of the debentures held by him or it within the meaning of G. L. c. 106, § 8–302. For reasons which will appear shortly, that finding and ruling have no bearing on the ultimate resolution of the present case. Each of the plaintiffs is the "holder" of the debentures on which he or it seeks to recover within the meaning of G. L. c. 106, § 1–201 (20), which defines a "[h]older" to include "a person who is in possession of . . . an investment security . . . indorsed . . . in blank." See also G. L. c. 106, § 8–308(1) and (2). General Laws c. 106, § 8–105(2)(*c*), provides that "[i]n any action on a security . . . when signatures are admitted [as in the present case] . . . production of the instrument entitles a *holder* to recover on it unless the defendant

establishes a defense or a defect going to the validity of the security" (emphasis supplied).[5] See *New England Merchants Natl. Bank* v. *Old Colony Trust Co.*, 356 Mass. 612, 616 (1970).

There being no claim of any "defect" with respect to any of the debentures here involved, we turn to the question whether the contractual right of setoff claimed by the defendant in this case is a "defense" within the meaning of § 8–105(2)(c). We have been referred to no case, nor have we found any, which considers this precise question. We perceive no difficulty, however. Although a right of setoff may be availed of by a defendant to reduce (even to zero) the amount he would otherwise have to pay in order to satisfy the plaintiffs' claim, such a right is not commonly regarded as a defence to the plaintiff's claim. See, e.g., *Barnstable Sav. Bank* v. *Snow*, 128 Mass. 512, 514 (1880); *Fiske* v. *Steele*, 152 Mass. 260, 261 (1890); *Tilton* v. *Goodwin*, 183 Mass. 236, 238 (1903). Indeed, the former G. L. c. 231, § 5, on which the defendant relies drew an express distinction between "defenses" and "rights of . . . set-off." When we combine such considerations with the likelihood that a contrary interpretation would interfere with the freedom of transferability which is essential to the negotiability of investment securities (G. L. c. 106, § 8–105[1]), we conclude that a right of setoff such as that asserted by the defendant in this case is not a "defense" within the meaning of § 8–105(2)(c).

That being so, the plaintiffs are entitled to recover on the debentures simply by reason of their being the holders thereof, and it becomes unnecessary to consider the

---

[5] Comment 2 on § 8–105 prepared by the draftsmen of art. 8 of the Uniform Commercial Code, as appearing in 2A Uniform Laws Annotated 486 (Master ed. 1977), states that " '[a]ny action on a security' includes any action or proceeding brought against the issuer to enforce a right or interest represented by the security, e.g., to collect principal or interest. . . . " See also G. L. c. 106, § 1–106(2).

propriety or the relevance of the judge's finding and ruling that the plaintiffs are bona fide purchasers of the debentures.

3. It appears from the record that at the time of the hearing before the master the plaintiff Bobrick did not have his debentures in his possession because he had pledged them as collateral security for a loan which he had obtained from a stranger to the action. At the argument the defendant attempted to seize on that fact to defeat Bobrick's claim in its entirety. The defendant has subsequently stipulated that Bobrick has repaid the loan in question and redeemed his debentures from the pledge. Accordingly, we find it unnecessary to decide whether Bobrick was entitled to proceed as the "real party in interest" within the meaning of Mass.R.Civ.P. 17(a), 365 Mass. 763 (1974), because no harm can come to the defendant in any event. The debentures are "negotiable instruments" (G. L. c. 106, § 8–105[1]) within the meaning of Rule 47 of the Superior Court (1974), and none of the plaintiffs will be entitled to the issuance of an execution on the judgment until he or it files the originals of his or its debentures with the clerk of the courts.

The judgment is to be modified so as to require such filing and, as so modified, is affirmed.

*So ordered.*