HILKERT, and another, Plaintiffs-Respondents, v.
ZIMMER, Defendant-Appellant.

Supreme Court

*No. 76–697. Submitted on briefs May 2, 1979.—
Decided June 29, 1979.*
(Also reported in 280 N.W.2d 116.)

For the appellant the cause was submitted on the briefs of *Lawrence J. Jost, John W. Daniels, Jr.* and *Quarles & Brady* of Milwaukee.

For the respondents the cause was submitted on the brief of *Hurth, Husting & Morgan* of Cedarburg.

HEFFERNAN, J.   The trial court granted summary judgment on the claim of the plaintiffs, Rudolph and Irene Hilkert, that defendant, Michael S. Zimmer, had breached the terms of a land contract.  While the contract in its totality is rather complex, the essence of the dispute concerns whether Zimmer breached his agreement when he did not pay off the mortgage on property conveyed to him by the Hilkerts.

It is alleged by the Hilkerts that, according to their written contract, Zimmer agreed to take the property which was subject to an underlying first mortgage in the amount of $163,741 and would "assume and agree to pay, and obtain release from mortgagee."  The Hilkerts allege that, because Zimmer breached his contract to pay the mortgage, the mortgagee foreclosed and the Hilkerts thereby became liable for a deficiency judgment obtained by the mortgagee.

The Hilkerts' claim in this action is for damages for breach of contract in the amount of the deficiency judgment, plus interest.  The Hilkerts moved for summary judgment.

In a supporting affidavit, Rudolph Hilkert stated that the written contract constituted the entire agreement between the plaintiffs and the defendant and that no oral amendments had been made.

Zimmer submitted counter-affidavits in opposition to the motion for summary judgment. He stated that the written contract did not contain the complete agreement of the parties and that the contract had been orally modified prior to the closing of the real estate transaction. The basic averment of Zimmer's affidavit is that the parties orally modified the contract to provide that he need not assume and pay the mortgage, but rather that he was merely obligated to take the property subject to the mortgage.

It is apparent that, on the face of the affidavits, an issue of fact is presented. Ordinarily, when affidavits show facts to be in dispute, summary judgment should be denied. The statute governing summary judgments provides:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law." Sec. 802.08(2), Stats. (Emphasis suplied.)

The basic standard, then, is not merely whether irrelevant facts are in dispute but rather whether material facts are in dispute. *Wright v. Hasley,* 86 Wis.2d 572, 273 N.W.2d 319 (1979); *Lawver v. Boling,* 71 Wis.2d 408, 413, 238 N.W.2d 514 (1976).

The trial judge acknowledged that whether there had been an oral modification posed a disputed issue of fact in the affidavits. He, in effect, concluded, however, that the factual dispute was irrelevant and immaterial, because the agreement was one for the purchase and sale of land and, accordingly, subject to the statute of frauds. He reasoned that it was immaterial that there was any subsequent dispute in respect to whether the contract

had been orally modified, because a modification, as a matter of law, could only have been made in writing.

We are of the opinion that, in the present procedural stage of the case, it would be premature to reach a conclusion about whether the written contract could be orally modified. The parties dispute whether any oral modification was made. This factual disparity in the assertions of the parties should be resolved before the difficult legal question that will then follow is reached.

Whether a written contract can be orally modified cannot be disposed of as easily as the trial court's opinion would suggest. The subject of the possibility of the oral variation or rescission of written contracts within or partly within the statute of frauds comprises a chapter of more than 50 pages in length in a leading treatise on contracts. 2 Corbin, *Contracts*, ch. 13 (1950). 4 Williston, *Contracts*, secs. 591–595A (3d ed. 1961), and Restatement (2d), *Contracts*, secs. 222–224, Tent. Drafts 1–7 (1973), also discuss the subject extensively. Even where it is clear as a matter of law that an oral variation to a written contract is within the strictures of the statute of frauds, the oral contract may be enforceable in equity under Wisconsin law. *See* sec. 706.04, Stats.

Moreover, it may well be unnecessary for the trial court to apply the complex rules concerning executory oral contracts which modify agreements which are within the statute of frauds, because, under the defendant's theory of the case, the contract has not only been modified, but the oral contract as modified has been fully performed.

If the proof at trial should substantiate the defendant's factual view of the case, it is then clear, on the basis of elementary law, that the fully performed contract is completely beyond the scope and operation of the statute of frauds, and the legal relations of the parties after full performance are the same as if the executory contract

had been enforceable because of full compliance with the statute of frauds. Restatement (2d), *Contracts, supra,* sec. 219; 2 Corbin, *supra,* sec. 285; 3 Williston, *supra,* sec. 528.

Accordingly, it is necessary to try the fact question to determine whether the parties orally modified the contract to provide that the defendant need not assume and pay the mortgage but merely took the property subject to the mortgage. We view the factual issue posed by the affidavits to raise a dispute in respect to a material fact. Under these circumstances, summary judgment should not have been granted.

*By the Court.*—Judgment reversed, and cause remanded for trial.