Thomas M. WAMSER, Plaintiff-Appellant,†

v.

Julien G. BAMBERGER, Defendant-Respondent,

Eugene W. HINTZ, and Heritage Bank of Milwaukee, Defendants.

Court of Appeals

*No. 80–625. Submitted on briefs January 23, 1981.—*
*Decided March 10, 1981.*
(Also reported in 305 N.W.2d 158.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the brief of *Frisch, Dudek and Slattery, Ltd.* of Milwaukee.

For the defendant-respondent the cause was submitted on the brief of *Foley & Lardner* of Milwaukee.

Before Voss, P.J., Brown and Scott, J.J.

VOSS, P.J.   Thomas Wamser filed suit against Julien Bamberger for Bamberger's failure to perform his obligations under an oral contract.  Bamberger moved the

court for summary judgment, and the court dismissed Wamser's complaint against Bamberger in granting the motion. Because we find the oral contract was rendered unenforceable by the statute of frauds, we affirm the trial court's dismissal of Wamser's complaint.

Julien Bamberger was the sole shareholder of Masco Corporation. On August 16, 1979, Wamser submitted a written offer to purchase the stock of Masco to Bamberger and his attorney. On the morning of September 20, 1979, in a telephone conversation, Bamberger orally accepted the terms of Wamser's offer to purchase the Masco stock. Wamser apparently offered to meet with Bamberger on that same date to sign the contract and exchange money. Instead, Bamberger assured Wamser that there was no need to perform these formalities until four days later. Later that day, however, Bamberger notified Wamser that he had accepted a competing offer, and the deal was off.

Wamser filed suit seeking either specific performance or damages occasioned by the breach. In response, Bamberger denied the existence of any contract and alternatively argued that any contract, if made, was void and unenforceable under the statute of frauds. Upon Bamberger's motion for summary judgment, judgment was entered in his favor. The trial court reasoned that the Masco stock constituted a security under sec. 408.102 (1) (a), Stats.,[1] and, consequently, Wamser was barred

[1] Section 408.102 (1) (a), Stats., reads as follows:

(a)  A "security" is an instrument which:

1. Is issued in bearer or registered form; and

2. Is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment; and

3. Is either one of a class or series or by its terms is divisible into a class or series of instruments; and

4. Evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer.

by the statute of frauds concerning the sale of securities, sec. 408.319, Stats.,[2] from enforcing any agreement.[3]

The purpose of summary judgment is to obviate the need for a trial where there is no genuine issue as to any material facts. *Heck & Paetow Claim Service, Inc. v. Heck,* 93 Wis.2d 349, 355, 286 N.W.2d 831, 834 (1980).

[2] Section 408.319, Stats., reads as follows:

408.319 Statute of frauds. A contract for the sale of securities is not enforceable by way of action or defense unless:

(1) There is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; or

(2) Delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment; or

(3) Within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under sub. (1) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within 10 days after its receipt; or

(4) The party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract was made for sale of a stated quantity of described securities at a defined or stated price.

[3] Although the trial court found that sec. 408.319, Stats., bars the enforcement of the oral contract, a conclusion with which we agree, if that more specific statute of frauds would not apply, we believe Wisconsin's more general statute of frauds would still render the subject agreement unenforceable. Section 241.02(1), Stats., reads as follows:

241.02 Agreements, what must be written. In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith:

(1) Every agreement that by its terms is not to be performed within one year from the making thereof.

Our reasons for concluding that estoppel would not bar the application of sec. 408.319, Stats., are equally applicable to any contention that estoppel would bar the assertion of sec. 241.02, Stats.

The moving party has the burden to establish a record sufficient to demonstrate to the satisfaction of the court that no triable issue of material fact is present. *Hilkert v. Zimmer,* 90 Wis.2d 340, 342, 280 N.W.2d 116, 117 (1979). If the trial court determines as a matter of law that no material factual issues exist, it should enter summary judgment. *Wright v. Hasley,* 86 Wis.2d 572, 578–79, 273 N.W.2d 319, 323 (1979). When called to review the granting or denial of a summary judgment motion, this court must apply the standards set forth in sec. 802.08(2), Stats.,[4] in the same manner as the trial court. *Heck & Paetow Claim Service, Inc., supra,* at 356, 286 N.W.2d at 834.

Wamser first argues that summary judgment should not have been granted because there was a genuine issue of material fact concerning whether Bamberger is estopped from asserting the statute of frauds. Wamser contends that a comparison of the affidavits of Wamser and Bamberger indicate a clear issue of fact as to whether Bamberger made certain statements which Wamser relied upon to his detriment. The trial court correctly held that Wamser's allegations of reliance, if assumed to be true,[5] still would not bar Bamberger from raising the statute of frauds defense.

---

[4] Section 802.08(2), Stats., reads as follows:

(2) MOTION. The motion shall be served at least 20 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

[5] All inferences from the evidence before the court is to be

Wamser submits that Bamberger's oral representations led him to forego the demand that a written contract be executed and partial payment be made in order to secure the deal on the date that the oral agreement was reached.[6] Wamser alleges that he wanted to immediately make a partial payment and sign a written agreement to bind the deal. Allegedly, Bamberger promised to sign a contract and told Wamser no downpayment was necessary to guarantee performance. Wamser contends that his reliance upon Bamberger's promises, when considered in conjunction with the doctrines of estoppel *in pais* and promissory estoppel, bar Bamberger's assertion of the statute of frauds defense.

The elements of estoppel *in pais* have been set forth as follows:

(a) A promise;
(b) which the promisor should reasonably expect to induce action or forbearance on the part of the promisee;
(c) and which does induce such action or forbearance;
(d) is enforceable notwithstanding the statute of frauds if injustice can be avoided only by enforcement of the promise.[7]

The nature of promissory estoppel has been described as follows:

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and

viewed in a light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970).

[6] The act of making partial payment would have been part performance, and part performance is a defense to the statute of frauds. *See Toulan v. Nagle*, 67 Wis.2d 233, 226 N.W.2d 480 (1975), and *Estate of Rogers*, 30 Wis.2d 284, 140 N.W.2d 273 (1966).

[7] Restatement (Second) of Contracts, Revised Tentative Draft §217A (1973).

substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.[8]

The trial court properly concluded that even when the facts were viewed in the light most favorable to Wamser, estoppel was inapplicable to the facts of this case. Wamser argued that Bamberger should be estopped from asserting the defense of the statute of frauds because Wamser relied to his detriment upon Bamberger's representation that nothing need be done to bind the deal. Assuming Bamberger did tell Wamser that the deal need not be put in writing and no money need change hands to guarantee performance and Wamser relied on those statements, the fact that Wamser lost the benefit of the bargain by his reliance upon such representations would not work to estop Bamberger from asserting the statute of frauds defense.

The mere statement by a party to an oral agreement that no formalities need be executed to bind the deal does not invoke estoppel. 73 Am. Jur.2d *Statute of Frauds* §567 (1974), discusses this concept as follows:

Neither does an estoppel arise upon the mere refusal to make a writing as agreed. Where the entire transaction leading up to the making of the verbal contract is open and free from fraud or false representation, the subsequent failure to carry out that contract cannot of itself constitute an estoppel; otherwise, the court would open the door to the nullification of the statute of frauds.

If every party making a claim based upon an oral agreement could evade the statute of frauds by simply claim-

---

[8] Restatement (Second) of Contracts, §90 (1973); *see also Forrer v. Sears, Roebuck & Co.*, 36 Wis.2d 388, 391, 153 N.W.2d 587, 589 (1967).

ing a breach of a promise to preserve the deal without putting anything in writing or transferring money, the statute of frauds would be far too easily defeated. The trial court recognized this fact when it pointed out:

The theory propounded by counsel for the plaintiff would be tantamount to ceaseless and protracted litigation and defeat of the very purpose of the statute, in effect, anytime that you claimed that there was a promise to enter into a written agreement that you could defeat the statute. That is not the intent of either the Court or the legislature.

Wamser suggests that in this case there was more than a mere breach of a promise to put the agreement into writing. Wamser contends that there was also a breach of a promise that monies need not be exchanged in order to bind the deal. It is argued that the second representation distinguishes this case from those in which merely a promise to put the contract in writing was made. We find no difference between a promise that the deal would be binding regardless of whether a written contract was signed or the deal would be binding regardless of whether monies changed hands. Either promise is essentially the same; the promise remains that the deal will be binding without compliance with the statute of frauds.

Moreover, in order for estoppel to bar the assertion of the statute of frauds, some sort of reliance to one's detriment must be shown. In this case, the only loss which Wamser alleges as a result of his reliance is the loss of his bargain. The mere loss of one's bargain by a prospective buyer and the damage resulting therefrom do not work to estop a seller from relying upon the statute of frauds. *C. R. Fedrick, Inc. v. Borg-Warner Corp.,* 552 F.2d 852, 858 (9th Cir. 1977). Here the only detriment Wamser sustained was the loss of his bargain.

Such consequences emanating from reliance upon a promise are insufficient to invoke the doctrine of estoppel.

Wamser also argues that the trial court ignored a factual dispute concerning whether the stock in question constituted a security under sec. 408.102(1)(a), Stats.,[9] in granting summary judgment. Section 408.102(1)(a), Stats., defines what is a "security" under sec. 408.319, Stats.[10] Wamser contends that the alleged oral agreement was not barred by sec. 408.319, Stats., because the sale of the Masco stock was not a "sale of securities" under the statute. In addressing this same issue, the trial court unequivocably concluded that "[t]here is no question in the Court's mind that the subject of this lawsuit was a security under Wisconsin Statutes Section 408.102 (1)(a)." We agree with the trial court.

The subject stock was of a single nature, commonly held, registered in Bamberger's name as owner. The stock contained no restrictions. Wamser argues that the stock was not a security since Masco was a small, family owned corporation and that due to this nature it was difficult to sell. In essence, Wamser argues that the stock was not of the type sold in exchanges or markets and not a "medium for investment." Wamser further substantiates his contentions by noting that he placed a personal limitation on the transfer of the stock, limiting the sale of the stock to someone who would insure him that every person on Masco's payroll would be entitled to keep his or her job upon sale.

The comments written by the drafters of sec. 408.102, Stats., indicate, however, that the Masco stock does fall within the definition of a "security" contemplated by sec. 408.319, Stats. Those comments state:

[9] See note 1, supra.
[10] See note 2, supra.

Interests such as the stock of closely-held corporations, although they are not actually traded upon securities exchanges, are intended to be included within the definition of . . . securities by the inclusion of interests "of a type" commonly traded in those markets.

U.C.C. Rep. §8–102 (perm. binder).

We believe the above comment is applicable and should be followed in this case. The drafters' comment clearly indicates that a broad definition of "securities" was intended to be employed when applying the code. Moreover, numerous other cases have held that corporate stock which was "restricted," *i.e.*, even less salable than the stock here, was a "security" under the Uniform Commercial Code provision involved in this case. These holdings support our conclusion.[11]

Wamser cites *Kenney v. Porter*, 557 S.W.2d 589 (Texas 1977), in support of his contention that the Masco stock is not a security within the confines of the security transactions statute of frauds. *Kenney* dealt with sale of the stock of a closed corporation wherein there were only two shareholders. The issue was whether sufficient undisputed facts were shown establishing that the stock was a security under the U.C.C. definition. In *Kenney,* the court reversed the trial court's grant of summary judgment in favor of the plaintiff holding that the evidence was insufficient to satisfy the limiting requirements of §8–102(a) of the Uniform Commercial Code. In this case, however, undisputed evidence clearly brings the Masco stock within the definition of a security as defined by sec. 804.102(1)(a), Stats., which effectively adopts the U.C.C. provisions.

We believe sec. 408.319, Stats., clearly is applicable to the case now before this court. We are further convinced

[11] *See, e.g., E. H. Hinds, Inc. v. Coolidge Bank & Trust Co.*, 372 N.E.2d 259 (Mass. App. 1978); *Pantel v. Becker*, 89 Misc.2d 239, 391 N.Y.S.2d 325 (N.Y. Sup. Ct. 1977); *Previtti v. Rubenstein*, 3 U.C.C. Rep. 882 (N.Y. Sup. Ct. 1966).

that in this case estoppel does not bar the application of sec. 408.319, Stats. Therefore, we conclude that summary judgment was properly entered by the trial court.

*By the Court.*—Judgment affirmed.